**Dismissed and Memorandum Opinion filed September 19, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00574-CV

---

## PAMELA JOHNSON, Appellant

## V.

## TEXAS MUTUAL INSURANCE; TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION; W. RYAN BRANNAN, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE DEPARTMENT OF WORKERS' COMPENSATION; AND TIFFANY DUARTE, ET AL.CAPACITY AS DIRECTOR OF DIV, Appellees

---

**On Appeal from the 200th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-16-004703**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order denying appellant's motion to request that the judicial review be done under the substantial evidence rule or undefined scope of review.

On September 22, 2016, appellant filed suit for de novo review of the Texas Department of Insurance—Division of Workers' Compensation Appeals Panel. Appellees filed a plea to the jurisdiction alleging the trial court did not have jurisdiction over appellant's suit. On February 2, 2017, appellant's suit was dismissed for want of jurisdiction. On May 8, 2017, appellant filed a "Motion to Request that the Judicial Review be Done under Review under Substantial Evidence Rule or Undefined Scope of Review." On June 8, 2017, appellant's motion was denied. On June 29, 2017, appellant filed a notice of appeal seeking review of the June 8, 2017 order denying her motion.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). The denial of appellant's motion to request that judicial review be done under the substantial evidence rule is not a final, appealable order, nor is there a statutory exception that permits an appeal of the denial of appellant's motion. Moreover, appellant's notice of appeal filed June 29, 2017, is untimely as to the final judgment of dismissal signed February 2, 2017. *See* Tex. R. App. P. 26.1 (requiring notice of appeal to be filed within 90 days after the date the judgment is signed if a motion for reconsideration is filed). The last possible date to file a motion to extend time to file a notice of appeal from the February 2, 2017 order was May 18, 2017. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997).

On August 11, 2017, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a

response demonstrating grounds for continuing the appeal on or before August 22, 2017. *See* Tex. R. App. P. 42.3(a). Appellant filed no response.

The appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Jewell.